ROMANO et al. v. IRSCH.

(City Court of New York, General Term. June 19, 1893.)

TRIAL—EVIDENCE.
> Where, in an action to recover freight, defendant specifically based a counterclaim on the charter party, he could not object to its admission in evidence.

Appeal from trial term.

Action by Francesco Romano and others against Francis Irsch to recover freight for the transportation of a cargo for defendant. From a judgment for plaintiffs entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

John Mulholland, for appellant.
Convers & Kirlin, for respondents.

VAN WYCK, J. The plaintiffs' alleged cause of action is that they are owners of the bark Giulio R; that the defendant is indebted to the plaintiffs on an account for work, labor, and services of the plaintiffs and their servants, in carrying in their bark Giulio

R, from the port of Rosario, Argentine Republic, South America, to the port of Philadelphia, Pa., a cargo of bones which were consigned to the defendant, and by the plaintiffs' servants delivered to him, and by him accepted, on or before February 23, 1889, in the sum of $210.43 and interest thereon from the said 23d day of February, 1889, according to the account annexed thereto, and marked "Exhibit A," and that no part of the said balance of $210.43 has been paid. The Exhibit A annexed to the complaint is an account stated by the defendant to T. Romano, of the bark Giulio R, and shows that defendant is indebted for $210.45, the balance due for the freight of the cargo of bones mentioned in the complaint. This account is marked "Exhibit B" in the case, and is shown to have been made and sent by defendant to the agent of the owners of the vessel. Months thereafter defendant writes that he "will pay over the amount," and again, one year after he stated the account, he writes: "As soon as the proper person appears who can show that he is the legal receiver of freight for Giulio R, it will be paid promptly." See Exhibits C and D, which are proven to be in the handwriting of the defendant. The plaintiffs prove that they are the proper persons to receive this balance of freight admittedly owing by defendant. Moreover, the defendant assumed full control of this cargo of bones, and sold it to Baugh & Sons Company, and directed its delivery to them from the vessel. The defendant's counterclaim is specifically based upon the charter party, which he now claims should not have been marked in evidence by the plaintiffs, and it was his counsel who objected to this question: "To whom was the cargo consigned?" Defendant's counsel: "The contract in writing will be the best evidence." Plaintiffs' counsel: "I ask the defendant to produce the charter party." And he produced it, and it was then put in evidence. Eliminate this charter party from the case, and then defendant would not have been entitled to go to the jury on any part of his counterclaim, for his entire counterclaim is, by the sixth paragraph of the answer, made dependent upon an alleged breach of the charter party; and the plaintiffs then should have had a direction in their favor. Moreover, it is questionable whether the defendant should have had his counterclaim submitted to the jury at all. However, it was so submitted, and the jury very properly returned a verdict for the plaintiffs for the full amount claimed.

Judgment and order affirmed, with costs.